**Donna HAND, Appellant,**

v.

**Thomas E. PEREZ, Secretary, Department of Labor, et al., Appellees.**

**No. 15-5285 September Term, 2015**

United States Court of Appeals, District of Columbia Circuit.

Filed On: August 10, 2016

Donna Hand, Tampa, FL, Pro Se.

R. Craig Lawrence, Benton Gregory Peterson, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: Rogers, Kavanaugh, and Srinivasan, Circuit Judges

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed June 5, 2015 be affirmed. The district court correctly dismissed the complaint for lack of an Article III case or controversy. See Flast v. Cohen, 392 U.S. 83, 94, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). " '[T]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.' " Pub. Serv. Elec. & Gas Co. v. FERC, 783 F.3d 1270, 1274 (D.C. Cir. 2015) (quoting Flast v. Cohen, 392 U.S. at 96, 88 S.Ct. 1942). Moreover, the district court correctly concluded that appellant failed to demonstrate an injury-in-fact as required for Article III standing. See Swanson Group Mfg., LLC v. Jewell, 790 F.3d 235, 242 (D.C. Cir. 2015) (" '[G]eneral averments' and 'conclusory allegations' ... are 'inadequate' to demonstrate standing." (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 184, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000))). Finally, the district court was also right that appellant was precluded from representing third-party claimants. "[A] party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights of third parties.' " Kowalski v. Tesmer, 543 U.S. 125, 129, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.